UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61551-CIV-SINGHAL/VALLE

SEYMOUR REALTY 1941, LLC,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand and for Attorney's Fees and Costs (DE [10]). The Court has reviewed the Motion, Defendant's Brief in Opposition (DE [11]), the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court grants the Motion to Remand but denies the request for attorney's fees and costs.

### I.   BACKGROUND

This case concerns an alleged breach of an insurance contract. Plaintiff filed suit in the Broward County Circuit Court on July 8, 2021, alleging Defendant failed to pay a claim made under the policy. (DE [1], Ex. 4, p. 20). More than thirteen months later, Defendant removed the case to this Court on the basis of diversity jurisdiction. (DE [1]). Plaintiff argues the Petition for Removal was filed more than one year after commencement of the action and is, therefore, untimely. Defendant argues Plaintiff acted in bad faith to prevent removal by delaying its response to jurisdictional discovery until after the one-year removal deadline expired and, therefore, removal is authorized.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." *King v. Gov't Emps. Ins. Co.,* 579 Fed. Appx. 796, 800 (11th Cir. 2014) (citing *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir.2004); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999)). "Consequently, all doubts about the propriety of removal should be resolved in favor of remand." *Id.* (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006).

"Section 1446 contains two time restrictions on removing cases from state court. First, the notice of removal must be filed within thirty days of the initial pleading showing that the action is removable. Second, a case may not be removed on the basis of diversity jurisdiction more than one year after 'commencement of the action.'" *Id.*; 28 U.S.C. § 1446(b) and (c) (2010) (amended 2011). The one-year limitation does not apply if the "court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

## III. DISCUSSION

Plaintiff's Motion to Remand depends entirely on whether Plaintiff "acted in bad faith in order" to prevent removal. 28 U.S.C. § 1446(c)(1). The statute describes one instance of bad faith: where "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B). Case law reveals other instances of bad faith, such as (1) filing an amended complaint raising the demand to over $75,000 after the one-year period expired, *Hill v. Allianz Life Ins. Co. of N.A.,* 51 F.

Supp. 3d 1277 (M.D. Fla. 2014); (2) disavowing a pre-suit stipulation that damages did not exceed $75,000 after case had been pending for one year, *Schwartzben v. Nat'l Fire & Marine Ins. Co.,* 2022 WL 4102799, at *4 (S.D. Fla. Sep. 8, 2022); or (3) intentionally delaying entering into a settlement with non-diverse defendants to avoid removal, *Comer v. Schmitt,* 2015 WL 5954589, at *4 (S.D. Ohio Oct. 14, 2015). The cases finding bad faith all involve a level of gamesmanship designed to prevent removal.

Defendant argues that Plaintiff engaged in bad faith gamesmanship by deliberately delaying its responses to damages discovery until the one-year time limit for removal passed. But the Court has reviewed the circumstances in the present case and concludes that there is no evidence that Plaintiff acted in bad faith to prevent removal. Regardless of the discovery disputes, Plaintiff did not deliberately avoid disclosing the amount claimed. To the contrary, Plaintiff has been forthright from the time suit was filed about the amount of damages it is seeking.

The Complaint filed in state court alleged damages in excess of $30,000.00, consistent with that court's jurisdictional requirement. But the Complaint also alleged that on February 17, 2021, [Plaintiff] provided Defendant with a sworn proof of loss and supporting estimate detailing the amount of loss associated with the Claim." (DE [1] Ex. 4, p. 21). The Complaint goes on to allege that on "March 2, 2021, Defendant rejected Plaintiff's sworn proof of loss without basis in the Policy. A copy of Defendant's rejection of Plaintiff's sworn proof of loss and supporting estimate is attached as Exhibit B." (*Id.*, p. 22). Exhibit B[1] is a letter from Defendant's claims administrator specifically rejecting Plaintiff's actual cash value loss figure of $412,825.49 and Plaintiff's actual cash value

---

[1] "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

claim figure of $407,825.49. (*Id.,* p. 80).  It was clear, therefore, from the date the suit was filed that the amount in controversy exceeded $75,000. Plaintiff made no attempt to disguise that fact.

Defendant argues that there is no authority holding that a letter written in response to a demand constitutes a "paper" from which it can be determined that a case was removable. But this is not an "other paper" case. The Eleventh Circuit has explained that removal under Section 1446(b)(3) is limited to "civil actions that were not removable . . . or could not have been determined to be removable" until Defendant's receipt of "other paper." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). Here, Defendant could have determined that this action was removable when it received the Complaint and used the pre-suit demand letter to support removal. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.,* 268 Fed. Appx. 864, 866-67 (11th Cir. 2008) (pre-suit demand letter satisfied defendant's burden to show the amount in controversy met the jurisdictional requirement).  Indeed, the removal statute permits the notice of removal to state the amount in controversy where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii).  The Eleventh Circuit has held that it may be "facially apparent from [a] pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when [a] complaint does not claim a specific amount of damages." *Roe v. Michelin N. Am., Inc.*, 613 F.ed 1058, 1061 (11th Cir. 2010) (citation omitted).

A defendant's own records can start the 30-day removal clock on the date of service of process. *Scriptcheck Visual Verification Systems, Inc. v. R.R. Donnelley & Sons, Inc.,* 2021 WL 226095, at *5 (S.D. Fla. Jan. 22, 2021).  Indeed, it would be odd if a

defendant could use a pre-suit demand letter in his possession to prove a sufficient amount in controversy but could avoid section 1446(b)(1)'s 30-day removal requirement by failing to disclose the demand letter. *Id.* ("the Court does not see why Defendant should be permitted to rely on its apparent willful blindness to extend the removal deadline") (quoting *Capitini v. Balfour*, 2019 WL 587180, at *2 (S.D. Fla. Jan. 18, 2019)). In the present case, the Complaint and its attachments adequately advised Defendant that the case was removable at the time it was filed.

Defendant's pre-suit receipt of the Plaintiff's proof of loss distinguishes this case from *De Zarraga v. Scottsdale Ins. Co.,* 2021 WL 5979359, at *3 (S.D. Fla. Dec. 17, 2021). There, the plaintiff filed suit but delayed obtaining an estimate of damages until after the one-year removal deadline expired. He also delayed responding to discovery. The court found that removal after one year was permissible because De Zarraga intentionally and deliberately failed to discern his own losses to avoid removal. *Id.* By contrast, in this case, Plaintiff provided the estimate and proof of loss to Defendant before the suit was filed and referred to both in the Complaint. The Court finds, therefore, that Defendant was on notice as of the date it received the Complaint that the amount in controversy exceeded $75,000 and could have raised the jurisdictional amount in a notice of removal, supported by the pre-suit demand. 28 U.S.C. § 1446(c)(2)(A)(ii).

Furthermore, there is no evidence that Plaintiff avoided revealing the amount in controversy after the Complaint was filed. While the case was being litigated in state court, the parties engaged in mediation, where presumably demands were made. Plaintiff also deposed Defendant's corporate representative, where the amount claimed was discussed in detail. The record simply does not support Defendant's contention that

Plaintiff deliberately failed to disclose the amount in controversy to prevent removal of this action. The Court concludes that the case was not removable beyond the one-year time limitation contained in 28 U.S.C. § 1446(c) and that remand is appropriate.

Plaintiff argues that it should be awarded attorney's fees and costs incurred as a result of the removal. Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Unless there are "unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.,* 995 F.3d 1289, 1296 (11th Cir. 2021) (citations omitted).

Clearly, Defendant had an objectively reasonable basis for seeking removal because the case meets the requirements for diversity jurisdiction. The question is, however, whether Defendant lacked an objectively reasonable basis for seeking removal more than 13 months after the case was commenced. Plaintiff cites a number of district court decisions from various jurisdictions that remanded untimely removal petitions even where the plaintiffs did not timely respond to discovery requests. But Defendant has cited district court case law in support of its position. There are no Eleventh Circuit or Supreme Court cases that provide objective guidance. For this reason, the Court declines to award attorney's fees and costs.

## IV.     **<u>CONCLUSION</u>**

In conclusion, the Court finds that there is no evidence that Plaintiff acted in bad faith to prevent removal of this action. Defendant's Notice of Removal was, therefore,

untimely. The Notice of Removal, however, did not lack an objectively reasonable basis. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand and Attorney's Fees and Costs (DE [10]) is **GRANTED IN PART AND DENIED IN PART**. This case is **REMANDED** to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. No attorney's fees or costs will be awarded. The Clerk of Court is directed to **CLOSE** this case, **DENY** any pending motions as moot, and take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of October 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF